UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

CASE NO.: 1:19-cv-02140

STOCKFOOD AMERICA, INC.,

       Plaintiff,

v.

CHEZ OSKAR INC.,

       Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff STOCKFOOD AMERICA, INC. by and through its undersigned counsel, brings this Complaint against Defendant CHEZ OSKAR INC. for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff STOCKFOOD AMERICA, INC. ("STOCKFOOD"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Stockfood's original copyrighted works of authorship.

2. Our client is the world's leading food image agency. Stockfood has a unique collection of food images, videos, features and recipes on the worldwide subject of food and drink. Stockfood was founded in Munich, Germany by photographer Pete A. Eising. In 1996, Stockfood founded a sales office in Kennebunk, Maine, and in 2007, in London, England. Stockfood specialized in the art of food from the very beginning. In addition to a renowned food photography studio, Studio Eising, the company initially offered exclusively rights-managed

images. In 2002 the offering was expanded to include royalty-free images, and in 2008 videos were added, together with an in-house production studio.

3. In 2011, features – complete articles including images and text – became available too. Today, an in-house editorial team can supply appropriate text of all images, videos, feature articles and recipes. Stockfood content and productions can be found in high-quality print publications, mobile apps, advertisements, books and calendars worldwide.

4. Defendant CHEZ OSKAR INC. ("Chez Oskar") is a French Restaurant in Brooklyn that touts itself as "culinary counterculture to Manhattan's sterile eateries, cranking out fine French cuisine jazzed up by Brooklyn's cultural diversity." At all times relevant herein, Chez Oskar owned and operated the website located at the URL www.chezoskar.com (the "Website").

5. Stockfood alleges that Chez Oskar copied Stockfood's copyrighted Work from the internet in order to advertise, market and promote its business activities. Chez Oskar committed the violations alleged in connection with Chez Oskar's business for purposes of advertising and promoting sales to the public in the course and scope of Chez Oskar's business.

**JURISDICTION AND VENUE**

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Defendant is subject to personal jurisdiction in New York.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in

infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

10. Chez Oskar Inc. is a New York corporation with its principal place of business at 310 Malcolm X Blvd., Brooklyn, NY 11233, and can be served by serving its Registered Agent, Chez Oskar Inc., at the same address.

## THE COPYRIGHTED WORK AT ISSUE

11. In 2011, Stockfood created a photograph entitled "0451046," which is shown below and referred to herein as the "Work".



12. Stockfood registered the Work with the Register of Copyrights on June 10, 2013 and was assigned the registration number VA 1-434-118. The Certificate of Registration is attached hereto as Exhibit 1.

13. At all relevant times Stockfood was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

14. Chez Oskar has never been licensed to use the Work at issue in this action for any purpose.

15. On a date after the Work at issue in this action was created, but prior to the filing of this action, Chez Oskar copied the Work.

16. Chez Oskar copied Stockfood's copyrighted Work without Stockfood's permission.

17. After Chez Oskar copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its French restaurant business.

18. Chez Oskar copied and distributed Stockfood's copyrighted Work in connection with Chez Oskar's business for purposes of advertising and promoting Chez Oskar's business, and in the course and scope of advertising and selling products and services.

19. Stockfood's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

20. Chez Oskar committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

21. Stockfood never gave Chez Oskar permission or authority to copy, distribute or display the Work at issue in this case.

22. Stockfood notified Chez Oskar of the allegations set forth herein on January 23, 2018. To date, Chez Oskar has failed to respond to Plaintiff's Notice. A copy of the Notice to Chez Oskar is attached hereto as Exhibit 3.

## COUNT I
## COPYRIGHT INFRINGEMENT

23. Plaintiff incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Stockfood owns a valid copyright in the Work at issue in this case.

25. Stockfood registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

26. Chez Oskar copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Stockfood's authorization in violation of 17 U.S.C. § 501.

27. Chez Oskar performed the acts alleged in the course and scope of its business activities.

28. Chez Oskar's acts were willful.

29. Stockfood has been damaged.

30. The harm caused to Stockfood has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant Chez Oskar that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.      Defendant be required to pay Plaintiff its actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c.      Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d.      Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

e.      Plaintiff be awarded prejudgment interest; and

f.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: April 11, 2019                Respectfully submitted,

*/s/ Joseph A. Dunne*
JOEL B. ROTHMAN (JR0352)
joel.rothman@sriplaw.com
JOSEPH A. DUNNE (JD0674)
joseph.dunne@sriplaw.com
JONAH A. GROSSBARDT (JG5854)
jonah.grossbardt@sriplaw.com

**SRIPLAW**
125 Maiden Lane
Suite 5C
New York, NY  10038
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Stockfood America, Inc.*